ORIGINAL

1   Lisa Storie-Avennati
2   3419 Via Lido Nord, Suu 610
    Newport Beach CA 92663
3   Tel:  (949) 285-1906

4   Email:  lisajstorie@yahoo.com

5   *Pro Se*

6

7

8

9

```
                                    FILED

                                 OCT 28 2019

                          CLERK U.S. BANKRUPTCY COURT
                          CENTRAL DISTRICT OF CALIFORNIA
                          BY:              Deputy Clerk
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA- SANTA ANA DIVISION

| | |
|---|---|
| 10  IN THE MATTER OF EAGAN<br>11  AVENATTI, LLP,<br>12<br>13            Debtor<br>RICHARD A. MARSHACK, CHAPTER 7<br>14  TRUSTEE FOR EAGAN AVENATTI, LLP<br>15<br>16            Plaintiff,<br>17      v.<br>18<br>19  MICHAEL AVENATTI, an individual;<br>20  LISA STORIE-AVENATTI, an individual;<br>AVENATTI & ASSOCIATES APC, a<br>21  professional corporation; and DOES 1-10,<br>Inclusive,<br>22<br>23            Defendants.<br>24<br>25 | Case No. 8:19-bk-13560-CB<br><br>CHAPTER 7<br><br>Adversary No. 8:19-ap-1186-CB<br><br>8:19-ap-1186-CB<br><br><br><br>**ANSWER OF LISA STORIE-AVENATTI TO ADVERSARY COMPLAINT** |

26   TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

27

28

1

1   COMES NOW the Defendant, LISA STORIE-AVENNATI (referred to herein as

2   either "Storie" or "Defendant"), in the above-entitled Adversary Proceeding files this

3
    Answer and Affirmative Defenses to Plaintiff Richard Marshack's Original Complaint
4
5   the Complaint's allegations pertain to Defendant, only, and in support thereof state the

6   following:

7

8

9       1.      Defendant admits the allegations in paragraphs 4, 9, and 12.

10      2.      Defendant denies the allegations in paragraphs 23, 25, 26, 27, 28, 29, 30,

11
12   an d 63.

13      3.      Defendant is without knowledge or information sufficient to form a belief

14
    as to the truth of the allegations in paragraphs 3, 5, 6, 7, 8, 10, 11, 13, 15,  21, 22, 32,
15
16   33, 34, 38, 39, 40, 42, and 43, and therefore deny them.

17      4.      Paragraphs 1, 2, 35, 36, 45, 47, 48, 50, 51, 52, 53, 54, 59, 60, 61, and 64

18
    set forth legal conclusions and questions of law to which no response is required.  To
19
20   the extent a response is required, Defendant denies every allegation and legal

21   conclusion.

22
    5.      This allegations contained in paragraphs 55, 56, 57, 65, 66, 67, 68, and
23
24   69 do not pertain to Defendant, and Defendant therefore denies the same.

25      6.  The Court's docket speaks for itself, and Defendant therefore denies any

26
    portion of paragraphs 14, 15, 17, 18, 19, and 20 that contravenes the docket entries.
27

28

1

2

3

4

7.   Answering paragraphs 24, 31, 37, 41, 44, 49, 58, and 62 Defendant repeats, re-alleges, and incorporate by reference each and every allegation contained herein, as though they were fully set forth herein.

5

6

7

8

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Defendant hereby move for the dismissal of the action sought to be maintained herein.

9

10

11

12

### SECOND DEFENSE

Plaintiff lack standing to maintain the instant action and/or to seek any relief whatsoever.

13

14

15

16

17

### THIRD DEFENSE

Any injury, damage or loss alleged in the Complaint, if any, was cause or contributed to by the intentional and/or negligent conduct of the debtor, which preclude or otherwise reduce any recovery by Plaintiff herein.

18

19

20

### FOURTH DEFENSE

Defendant alleges that her actions and conduct were privileged and justified.

21

22

23

24

### FIFTH DEFENSE

Defendant alleges that none of her conduct was the proximate cause of any foreseeable actual damages, injuries or losses.

25

26

27

28

## SIXTH DEFENSE

Defendant alleges that all of co-defendants' acts and conduct were undertaken in good faith with debtor's interest and welfare as their primary objective and motivation.

## SEVENTH DEFENSE

Defendant alleges that events that constituted superseding or intervening acts cause or contributed to the cause of losses and damages alleged, if any.

## EIGHTH DEFENSE

Defendant alleges that the action sought to be maintained in barred in whole or in part by the applicable statute of limitations.

## NINTH DEFENSE

Defendant alleges that Plaintiff is estopped by its conduct and/or by the conduct of debtor from recovering any relief under the Complaint, or any purported cause of action alleged herein.

## TENTH DEFENSE

Defendant alleges that Plaintiff has waived any right to recover any relief under the Complaint, or any purported cause of action alleged therein.

## ELEVENTH DEFENSE

Defendant alleges that at the time any of the transfers to Defendant were made, Debtor and/or the party who made the specific transfer to Defendant did not result in Debtor having unreasonably small capital.

**TWELFTH DEFENSE**

Defendant alleges that defendants received the transfers or any one of the Transfers in good faith and for value.

**THIRTEENTH DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action therein asserted against Defendant, is barred in whole or in part by reason of the failure of debtor and/or Plaintiff to perform their obligations under contractual agreements.

**FOURTEENTH DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff unreasonably delayed in asserting such claims, if any, and the delay resulted in prejudice to Defendants.

**FIFTEENTH DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action therein are barred in whole or in part because of unclean hands on the part of debtor and/or Plaintiff.

**SIXTEENTH DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action therein, is barred in whole or in part because defendants fully performed and discharged their obligations, if any, to debtor and/or Plaintiff under contractual agreements.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTEENTH DEFENSE

Defendant alleges that the Complaint, and each purported cause of action therein are barred in whole or in part because Defendant does not have money that in equity or in good conscience belongs to Plaintiff and/or debtor and because Defendant ise legally or equitably entitled to retain the money that Plaintiff claims.

## EIGHTEENTH DEFENSE

Defendant alleges Michael Avennati and/or Defendant provided services to Debtor or its principal and was paid for such services. Defendant was without notice of any scheme or that any transfers by Debtor to Defendant was made with the intent to hinder, delay, or defraud creditors or made with the intent to hinder the injure the rights of creditors of Debtor. Defendant would further show that at no time was Defendant a party to a fraud on any person or creditor of Debtor and that Defendant had no actual or constructive notice of any lack of authority for Debtor to transfer funds to Defendant for services rendered.

## NINETEENTH DEFENSE

Defendant alleges Debtor received reasonably equivalent value in exchange for the each of the Transfers made by Debtor.

## TWENTIETH DEFENSE

Defendant alleges at the time any of the transfers to Defendant were made, Debtor and/or the party who made the specific transfer to Defendant was not insolvent in terms of its assets exceeded its debts.

### TWENTY-FIRST DEFENSE

Defendant alleges at the time any of the transfers to Defendant were made, Debtor and/or the party who made the specific transfer to Defendant was not insolvent in terms of the fact that Debtor and/or the party who made the specific transfer to Defendant was generally paying its debts as they became due.

### TWENTY-SECOND DEFENSE

Defendant alleges at the time any of the transfers to Defendant were made, Debtor and/or the party who made the specific transfer to Defendant was not rendered insolvent by virtue of the transfers or any one of the transfers made to Defendant.

### TWENTY-THIRD DEFENSE

Defendant alleges that the Trustee is barred from avoiding certain of the alleged preferential transfers to this Defendant because some of the payments, if any were made, made to Dendant within ninety (90) days of the filing of this bankruptcy action were intended by the Debtor and Michael Avennati and/or Defendant to be contemporaneous exchanges for new value given to the Debtor within the meaning of 11 U.S.C. § 547(c)(1) and, in fact, the payments were substantially contemporaneous exchanges for new value given to the Debtor.

### TWENTY-FOURTH DEFENSE

Pleading alternatively, the Trustee is barred from avoiding the alleged preferential transfer to this Defendant because any payments made to Defendants within ninety (90) days of the filing of this bankruptcy action were payments, if any

were made, of debts incurred by the Debtor(s) in the ordinary course of business, the

alleged transfers (payments) were made in the ordinary course of business or financial

affairs of the Debtor(s), and the alleged transfers (payments) were made according to

ordinary business terms within the meaning of 11 U.S.C. § 547(c)(2) both by and

between Defendants and Debtor and according to the ordinary course of business for

the industry in which Michael Avennati is involved.

### TWENTY-FIFTH DEFENSE

Pleading alternatively, the Trustee is barred from avoiding the alleged

preferential transfer to this Defendant pursuant to 11 U.S.C. § 547(c)(4) because any

payments made to defendants within ninety (90) days of the filing of this bankruptcy

action were payments of debts incurred by the Debtor even though the same was to or

for the benefit of a creditor, to the extent that, after such transfer, such creditor gave

new value to or for benefit of the Debtor and such new value was not secured by an

otherwise unavoidable security interest and on account of which new value the Debtor

did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### TWENTY-SIXTH DEFENSE

Pleading alternatively, the Trustee is estopped from seeking to set aside this

alleged preferential transfers under the doctrine of equitable estoppel based upon the

conduct of the Trustee and Trustee should not be allowed to set aside any such

transfers as to this Defendant.

1

### TWENTY-SEVENTH DEFENSE

2

3

Defendant alleges that at the time any of the transfers to Defendant were made,

4

Debtor and/or the party who made the specific transfer to Defendant was not insolvent

5

in terms of the fact that Debtor and/or the party who made the specific transfer to

6

Defendant was generally paying its debts as they became due.

7

### TWENTY-EIGHTH DEFENSE

8

9

Defendant alleges that at the time any of the transfers to Defendants were made,

10

such Transfers did not result in Debtor having remaining assets which were

11

12

unreasonably small in relation to his ability to conduct business.

13

### TWENTY-NINTH DEFENSE

14

15

Defendant alleges that at the time any of the transfers to Defendant were made,

16

Debtor and/or the party who made the specific transfer to Defendant did not intend to

17

incur, or believed that they would not incur debts beyond its ability to pay as they

18

became due.

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER

WHEREFORE, Defendant prays that the Court enter judgment that the Plaintiff Trustee take nothing by his suit, a judgment dismissing Plaintiff's suit with prejudice, assessing costs against Plaintiff, including reasonable attorneys' fees, and award the Defendant any and all other relief to which it may show itself entitled.

DATED: October 28, 2019

By: _____
     /s/ Lisa Storie-Avennati
     Lisa Storie-Avennati, *Pro Se*

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

On October 28, 2019 I served a copy of the attached documents entitled: **ANSWER OF LISA STORIE-AVENATTI TO ADVERSARY COMPLAINT** on the interested parties in this action as follows:

1.    [ ]    **To Be Served by the Court Via Notice of Electronic Filing (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the Court via NEF and hyperlink to the documents. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persona are on the Electronic Mail Notice List to receive NEF transmission at the email addresses provided.

2.    [ ]    **By United States Mail:** By placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepared, in the U.S. Mail at Seal Beach, California.

    *    See Attached Service List.

3.    [ ]    **By Email:** By electronically emailing the document.

    *    See Attached Service List.

4.    [ ]    **By Personal Delivery:** Pursuant to FRCP 5 and/or controlling LBD, on June 1, 2017, Courtesy copies will be served on the following recipient:

    [XX] **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2019 at Newport Beach, California.

_/s/ Lisa Storie-Avenatti_
_____
Lisa Storie-Avenatti

1

**ELECTRONIC MAIL LIST**

John Reitman:                jreitman@lgbfirm.com
Jack Reitman:               jareitman@lgbfirm.com

**MAILING LIST**

JOHN P. REITMAN (State Bar No. 80579)
JACK A. REITMAN (State Bar No. 283746)
LANDAU GOTTFRIED & BERGER LLP
1880 Century Park East, Suite 1101
Los Angeles, California 90067

Proposed Special Litigation Attorneys for  Richard A. Marshack,  Chapter 7 Trustee for Eagan
Avenatti, LLP